**Rodolfo TREVINO, III, Petitioner–Appellant,**

v.

**John HARDISON, Warden, Respondent–Appellee.**

No. 06–36103.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2007.

Filed Aug. 10, 2007.

Dennis A. Benjamin, Esq., Nevin Benjamin & McKay, LLP, Boise, ID, for Petitioner–Appellant.

L. Lamont Anderson, Esq., Office of the Idaho Attorney General, Boise, ID, for Respondent–Appellee.

Before: CANBY, HALL, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Rodolfo Trevino appeals the district court's dismissal of his habeas petition challenging his state conviction for first-degree murder and use of a firearm in commission of murder. The district court granted a certificate of appealability (COA) only on the issue of whether Trevino's conviction was tainted by an unduly suggestive identification made by a witness. Because the parties are familiar with the facts and prior proceedings, we do not recite them here. We affirm.

The Idaho district court and state supreme court found that the initial photographic lineup procedure was not unduly suggestive. Having viewed the videotape of this procedure, and in the absence of clear and convincing evidence suggesting otherwise, we hold that the state court's findings were reasonable. *See* 28 U.S.C. § 2254(e)(1); *Miller–El v. Cockrell*, 537

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

Though we would have found the individual show-up in this case to be more suggestive than the state court did, *see Stovall v. Denno,* 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), the state court correctly applied the reliability factors outlined in *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), and any error here does not require reversal. Trevino's codefendants testified to the events of that night, and there was evidence tying Trevino to the murder weapon. Further, Trevino was able to cross-examine the eyewitness and called an expert to testify about the identification. *See Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) (observing that suggestive identifications can be mitigated "by a course of cross-examination at trial which exposes to the jury the method's potential for error.") Therefore, we cannot say that the error had a "substantial and injurious effect on the jury's verdict," *Fry v. Pliler,* —— U.S. ——, 127 S.Ct. 2321, 2325, 168 L.Ed.2d 16 (2007); *see also Williams v. Stewart,* 441 F.3d 1030, 1039 (9th Cir. 2006).

AFFIRMED.